**Abdelfattah Ragab FATHELBAB, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–72774.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 13, 2007.*

Filed Aug. 20, 2007.

Anthony D. Agpaoa, Law Office of Anthony D. Agpaoa, San Francisco, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Tessa M. Gorman, Esq., USSE—Office of the U.S. Attorney, Seattle, WA, for Respondent.

Before: KLEINFELD, SILVERMAN, and M. SMITH, Circuit Judges.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM **

Abdelfattah Ragab Fathelbab, a native and citizen of Egypt, petitions for review of the Board of Immigration Appeals' ("BIA") affirmance of an Immigration Judge's ("IJ") denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").

We lack jurisdiction to review the BIA's determination that petitioner is statutorily ineligible for asylum based on the one-year time bar. *See Ramadan v. Gonzales,* 479 F.3d 646, 650 (9th Cir.2007) (per curiam).

We have jurisdiction under 8 U.S.C. § 1252 over petitioner's remaining claims. We review for substantial evidence and may reverse only if the evidence compels a contrary conclusion. *Rostomian v. INS,* 210 F.3d 1088, 1089 (9th Cir.2000). We deny the remaining claims.

Petitioner's withholding of removal claim fails because he did not show that it was more likely than not that he would be subject to persecution on account of enumerated ground. *See Al–Harbi v. INS,* 242 F.3d 882, 888 (9th Cir.2001).

Petitioner also fails to establish a CAT claim because he did not show that it was more likely than not that he would be tortured if he was returned to Egypt. *See Malhi v. INS,* 336 F.3d 989, 993 (9th Cir. 2003).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.